UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MELCHOR KARL T. LIMPIN,<br><br>                                        Plaintiff,<br><br>v.<br><br>LYFT INC., BLUE SHIELD OF CALIFORNIA PROMISE HEALTH PLAN, CALL THE CAR, SCAN HEALTH PLAN, AND SAFERIDE HEALTH INC.,<br><br>                                        Defendants. | Case No.: 25-cv-1264-JES-MMP<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE AND UNSEALING ACTION; and**<br><br>**(2) DENYING REQUEST FOR JUDICIAL NOTICE**<br><br>**[ECF No. 18]** |

On December 8, 2025, the Court issued an order to show cause ordering Relator Melchor Karl T. Limpin ("Relator") to provide an update on his *pro se* status or acquisition of counsel to continue this action by Thursday, January 22, 2026. ECF No. 14. On January 22, 2026, Relator filed a response. ECF No. 17. In his response, Relator does not address the Court's order to provide an update on his *pro se* status or acquisition of counsel to continue this action. *See generally Id.* Instead Relator makes three nonresponsive arguments: (1) requiring him to obtain a private lawyer after the United States has declined

1

to intervene would be futile because private relators may not represent the interests of the United States; (2) Relator challenges the United States' decision to decline to intervene in the case as arbitrary and capricious under the Administrative Procedure Act ("APA"); and (3) Relator challenges the United States' decision to decline to intervene as a violation of procedural or substantive Due Process. *Id.* at 2-4.

A plaintiff cannot proceed *pro se* in a *qui tam* action in which the government has declined to intervene. *See Stone v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) ("Given the fact that Congress did not expressly authorize a *qui tam* relator to proceed *pro se* when acting on behalf of the United States, it 'must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself.'" (quoting *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951)); *see also Turner v. U.S. Dept. of Educ.*, No. 15CV424 BEN (NLS), 2015 WL 4757055, at *2 (S.D. Cal. Aug. 10, 2015). Thus, despite Relator's arguments, he *must* have counsel in order to prosecute this matter.

Additionally, Relator cites *United States ex rel Montcrief v. Peripheral Vascular Associates, P.A.*, to support his argument that private relators may not represent the interests of the United States. 133 F.4th 395 (5th Cir. 2025). However, in that case, the private relator prosecuted the action with counsel after the United States declined to intervene. *Id.* at 402. Relator challenges the United States declination decision, but general disagreement with the decision does equate an APA or Due Process violation.

In its order to provide an update on his *pro se* status, the Court cautioned Relator that if he did not obtain counsel, the action would be dismissed. ECF No. 14. The United States has previously filed a notice of consent to dismissal. ECF No. 16.

**IT IS HEREBY ORDERED** that this action is dismissed without prejudice as to Relator Melchor Karl T. Limpin and dismissed without prejudice as to the United States.

The Court hereby **ORDERS** the Complaint, the First Amended Complaint, the United States' Notice of Declination, and this Order be unsealed. All other contents of the

25-cv-1264-JES-MMP

Court's file in this action remain under seal and not be made public. The seal is also lifted as to all other matters occurring in this action after the date of this Order. Relator's request for judicial notice is **DENIED as moot**. The Clerk of Court is directed to close the case.

    **IT IS SO ORDERED**.

Dated: June 2, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

25-cv-1264-JES-MMP